Opinion of the court delivered by
Judge Catron.
At the May term 1828,of the Maury circuit court, the defendant, with Williamson, Wilkins, and Witt, were indicted for gaming at cards. At the succeeding term, the defendant and Williamson pleaded jointly not guilty. The cause came on for trial, when the defendant, Hill, moved the court upon an affidavit, (which is not in the record,) to be permitted to sever in his defence, which the court refused, and ordered the jury to be empannelled to try the defendants, Hill and Williamson, jointly. Levi Kitchen was offered as a juror, and was elected by Hill, but challenged by Williamson; to this Hill objected, and again demanded a separate trial, which the court refused, and ordered the juror to be discharged and another summoned in his stead, which was done; to all which Hill tendered a bill of exceptions, which was sealed by the court. First: there is nothing to show, that Hill had any good reason to sever in his defence. He pleaded jointly with Williamson. This was an election on his part to be tried jointly. If any good cause for a separate trial intervened between the time of pleading and the trial, it rested on the defendant to show it.
Second: Did the court err in setting the. juror Kitchen aside, he having been first elected by Hill, but challenged by Williamson?
By the act of 1829, ch. 55, the defendants were each allowed five peremptory challenges. Where the right of peremptory challenge exists, and two are arraigned and plead not guilty, they each have the undoubted right to their full number of peremptory challenges. And if *247 one elect a juror the other may challenge him, in which eventhe must be setaside. King vs. the three Salisburys, Pegot and Knowsley, (1 Plow. Com. 100. The practice was settled by the case cited, and never has been changed. In the same case it was adjudged, that the court might order the defendants to be tried separately, where by collusion they attempted to exhaust the pannel,and no jury could be had. But this was matter of discretion with the court, to counteract the collusive conduct of the defendants. To this effect is the imperfect statement in 1st Chitty’s Crim. Law, 535.
These two defendants, Hill and Williamson, having elected by their joint plea to be tried together, were bound to abide by each other’s challenges; upon this point there was no error, and ■ the judgment must be affirmed. (2 Hawkins Pl. Cr. ch. 41, sec. 8, 9; 1 Chitty Cr. Law, 509; Pigot vs. Pigot, Cro. Car. 531.
Judgment affirmed.